UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JILL HENDERSON, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, J.T. | CIVIL ACTION NO: 3:21-CV-00297 |
| | JUDGE: JOHN W. DeGRAVELLES |
| VERSUS | MAGISTRATE JUDGE: RICHARD L. BOURGEOIS, JR. |
| BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY AND A&M COLLEGE, ET AL. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUPPLEMENTAL, AMENDING, AND RESTATED COMPLAINT**

The Supplemental, Amending, and Restated Complaint of Justin Thompson and Jill Henderson, both residents of the full age of majority of East Baton Rouge, Louisiana, respectfully represents and, as reflected in bold print, the supplemental and amending allegations to the original Complaint:

1.

The Defendants enumerated below are justly and truly indebted unto Petitioner**s** for all sums as are reasonable under the premises, punitive damages as to the individual defendants, attorney fees as allowed by law, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief Petitioners **are** entitled at law or in equity:

1. Board of Supervisors of Southern University and A&M College, by and through Southern University Laboratory School (hereinafter "SU Lab"), an entity domiciled in East Baton Rouge Parish, Louisiana.

2. Herman Brister, Jr., individually and in his official capacity as Director of the Southern University Laboratory School, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

3. Renita Sherrard, individually and in her official capacity as Assistant Principal of the Southern University Laboratory School, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

2.

**At all times pertinent hereto, Mr. Thompson was a student at** SU Lab. **At all times pertinent hereto,** Herman Brister Jr. **was** the Director of Southern Lab and Renita Sherrard **was** the Assistant Principal of Southern Lab.

3.

Following his approval to graduate **from high school** early, on September 2, 2020, **Mr. Thompson** was advised by school administrator, Crystal Franklin, to reach out to the Senior SU Lab Student Government Association so that he could obtain access to Senior class information. At the direction of Ms. Franklin, **Mr. Thompson** reached out to another student, K.B., who added **Mr. Thompson later that day** to the Senior class group text, **a school sponsored mode of communication between Senior class students to exchange information about school sponsored activities, news, and/or duties for Senior class students**. **Defendant SU Lab had substantial control and/or supervision over the Senior class group text, which was supervised and/or monitored directly by SU Lab Teacher, Tony Brown, the senior class advisor. Defendants SU Lab and Brown were responsible for providing information about the school sponsored activities, news, and/or duties to the SU Lab Senior Class Student President, which was then shared in the Senior class group text at direction of defendant SU Lab, through Mr. Brown. Mr. Thompson had no other method of acquiring and accessing the same information provided by SU Lab other than through this venue.**

2

**3a.**

Almost immediately upon being added into the senior class text message thread, **approximately twenty (20) SU Lab** students **subjected Mr. Thompson to unwelcome and unabated sexual harassment**, including but not limited to:

a. Demanding to know whether Mr. Thompson was actually a homosexual and stating, in a derogatory manner, that it was "hard to believe" and a lie Mr. Thompson was not homosexual;

b. Asking other students in the thread what his/her "take" was and how he/she "felt" about whether Mr. Thompson was homosexual;

c. Publicly calling Mr. Thompson "gay", "gay n***a", and "sissy";

d. Discussing fantasy information regarding Mr. Thompson's sexual life, including with a female student and comparing Mr. Thompson to a homosexual meme of "SpongeBob Square Pants";

e. Posting derogatory pictures in reference to Mr. Thompson, including emojis of painted nails and smiley faces referencing Mr. Thompson as female and/or with other female traits;

f. Falsely accusing Mr. Thompson of performing homosexual acts on other student(s), that Mr. Thompson was allegedly going to "dog[]" another student "out";

g. Characterizing the harassment of Mr. Thompson as "bonding" between the Senior class;

h. Texting laughing face emojis and encouragement of derogatory comments about Mr. Thompson's sexual orientation; and

> **i. Threatening that students will "flip tf [the f***k] out because Mr. Thompson is homosexual.**

**3b.**

**The** ruthless cyber bullying/**sexual harassment** continued **for approximately two (2) hours** until **Mr. Thompson** removed himself **from the group text thereby cutting off his access to all senior information and activities.**

4.

On September 3, 2020, **Mr. Thompson** reached out to SU Lab Assistant Principal, Renita Sherrard, to report the incident and **sexual harassment**. **However, defendants took no steps to investigate, end the sexual harassment, and/or protect Mr. Thompson and his right to be free from sexual discrimination/harassment because of his sexual orientation under Title IX, 20 USC §1681,** *et seq.* **Mr. Thompson received no communication from defendants about his complaints until he contacted defendant Sherrard** on September 7, 2020, who informed **Mr. Thompson** that she had spoken with a student **out of the approximately twenty (20) students** involved in the sexual harassment **a**nd had made the parents of that student aware of their child's involvement in the incident. **Petitioner contends defendant Sherrard's disclosure resulted in that student threatening Mr. Thompson with harm. Contrary to SU Lab's Title IX policy and Title IX's Federal Regulations regarding grievances, 34 C.F.R. §106.45, defendants failed to provide any additional relief to Mr. Thompson for the sexual harassment, provided no protection from the other students, and offered no effective counseling. While there was ultimately one (1) referral to a school guidance counselor, who was also the guidance counselor for the entire school, including the students who sexually harassed Mr. Thompson, that resulted in a single meeting. Petitioners' requests for ongoing counseling were denied**

**by defendant, who instead, sent a list Ms. Henderson a list of names for her to call and determine whether her health insurance for Mr. Thompson would be accepted.**

5.

**Defendants then began retaliating against Mr. Thompson because of his protected activities by falsely accusing him of instigating the sexual harassment, disclosing that he complained of sexual harassment in violation of FERPA, 20 U.S.C. §1232(g), Title IX's Federal Regulation, 34 C.F.R. §106.71, and defendant SU Lab's Title IX policy, invalidating Mr. Thompson's sexual harassment complaints for false reasons, and expelling him from school.** On September 8, 2020, **Mr. Thompson's mother,** Ms. Henderson, reached out to Defendant Brister and inquired about the investigation into the incident. Brister **confirmed that defendants** had not yet investigate**d** the incident **and sexual harassment** but would contact her once he had done so. **Yet, defendants did not investigate the sexual harassment and, instead, through defendant Brister, falsely** accused **Mr. Thompson** of instigating the **sexual** harassment, including to **SU Lab** Human Resources **and Ms. Henderson.** Defendants, SU Lab and Brister**,** blamed **Mr. Thompson for the sexual harassment.**

6.

On September 10, 2020, Defendant Brister admitted to **Mr. Thompson, through Ms. Henderson,** that **defendants** "dropped the ball" **by failing to take prompt remedial action to investigate and/or remedy the sexual harassment**. **Defendant Brister also admitted defendants did not "handle" the sexual harassment "properly" in accordance with defendant SU Lab's Title IX policy and 34 C.F.R. §106.45. However, defendants continued to falsely blame Mr. Thompson for instigating the sexual harassment and violated Mr. Thompson's rights under FERPA, 34 C.F.R. §106.71, and defendant SU Lab's Title IX policy by publicly**

**disclosing Mr. Thompson's identity as the "complainant" to the students who sexually harassed him, including** by defendant Sherrard on September 10, 2020. Defendant Brister then insisted **Mr. Thompson** submit written documentation in connection with the sexual harassment and bullying, and then **falsely** claimed that **Mr. Thompson's complaints were invalid because they were not in writing, which is not a requirement under Title IX or defendant SU Lab's Title IX policy.**

7.

On September 10, 2020, after being informed by Defendant Sherrard that **Mr. Thompson** had been the one to report the sexual harassment, in violation of **his** rights to privacy and confidentiality under **FERPA, 20 U.S.C. §1232(g), Title IX's Federal Regulation, 34 C.F.R. §106.71, and defendant SU Lab's Title IX policy,** one of the students involved in the sexual harassment **face-time called Mr. Thompson** and threatened **him because he reported the sexual harassment. Mr. Thompson, through Ms. Henderson, informed defendant Brister of the student's threat. Although defendant Brister claimed he would "take care of it", he instead, did nothing.**

7a.

**On or about September 14, 2020, Mr. Thompson and the other minor students at SU Lab began virtual learning due to COVID-19. On October 5, 2020, Mr. Thompson and the other minor students returned to SU Lab's campus but no protective measures were provided to Mr. Thompson by defendants in response to the known sexual harassment. Immediately upon his return, the sexual harassment continued against Mr. Thompson by the same minor students who previously sexually harassed him less than one (1) month earlier. Mr. Thompson was again publicly called "gay", openly assaulted by the students**

who yelled offensive statements about his sexual orientation at him in the hallways and in the presence of defendant SU Lab's employees and supervisors, including "faggot", "fruity", "sissy", and "homo". The sexual harassment was open and obvious occurring during school hours on SU Lab's campus with defendants' full and actual knowledge, including defendant Sherrod who was actually present. Yet, defendants took no action to stop the sexual harassment.

7b.

The sexual harassment of Mr. Thompson went unchecked by defendants and occurred on an hourly basis throughout the school day, including when Mr. Thompson switched classes and during his lunch hour. Although Mr. Thompson directly opposed the sexual harassment to the students and requested that the unwanted comments cease, the sexual harassment continued for the next four (4) days until defendants expelled Mr. Thompson in retaliation for his protected activities.

8.

On October 8, 2020, a verbal altercation occurred between **Mr. Thompson** and a **SU Lab teacher,** Tony Brown, who **was** the senior class advisor and **had a** close **relationship** with the students who sexually harassed **him. In the presence of other students and defendant SU Lab's employees, Mr. Brown yelled and** cursed **at Mr. Thompson to "get" his "ass" out of a classroom, balled his fists at Mr. Thompson, and lunged at Mr. Thompson in an attempt to hit him**. On this occasion, and in contrast to **Mr. Thompson's** complaints of sexual harassment and retaliation, **defendants** acted immediately. **Mr. Thompson was escorted by defendant SU Lab from the classroom in front of his peers and SU Lab employees to a vacant room where**

7

**he was held against his will and without the ability to leave until he was forced to leave SU Lab campus.**

9.

On October 12, 2020, Defendant Brister called **Mr. Thompson and accused him of committing a "major" infraction and violating the Student Code of Conduct**. **Defendants then expelled Mr. Thompson**, **banned him from the school** "until further notice," and denied **him** all opportunities to participate in school activities, including those special activities for the senior class **such as class photographs, picnics, graduation, and award ceremonies**. **Defendants also removed Mr. Thompson from dual enrollment adding at least a semester to his College education. Although the non-homosexual students who sexually harassed Mr. Thompson also committed a "major" infraction and violated the Student Code of Conduct, defendants failed to take similar action against those students, who were not expelled or banned from SU Lab campus. No rational basis existed to expel and ban Mr. Thompson from SU Lab.**

9a.

Additionally, Petitioners submit Defendants **took retaliatory action against Mr. Thompson based on the** alleged statements **of the same minor students** who sexually harassed **Mr. Thompson**. Petitioner**s** submit defendants retaliated against Mr. Thompson because of his complaints of sexual harassment in violation of Title IX.

10.

On October 13, 2020, **Mr. Thompson, through Ms. Henderson,** again requested written documentation from all investigations involving **Mr. Thompson**. However, Defendant**s** declined without a legitimate reason to do so **and failed to communicate the punishment, if any,**

**administered to any of the students who sexually harassed Mr. Thompson, including the student who retaliated against and threatened Mr. Thompson.**

11.

On October 14, 2020, Ms. Henderson was informed that Mr. Brown had resumed teaching his normal classes and despite **assaulting Mr. Thompson** suffered no punishment.

12.

On October 14, 2020, Ms. Henderson filed a Title IX complaint against SU Lab for allegations including, but not limited to, sexual harassment and retaliation.

13.

At all times pertinent **hereto**, Defendants Brister and Sherrard were persons acting under color of authority within the meaning and intent of 42 U.S.C. §1983. At all times **pertinent hereto**, **Mr. Thompson** enjoyed the clearly established right**s to a free and appropriate public education under the law, be free from sex and sexual orientation-based discrimination/harassment in the educational environment, bodily integrity,** equal protection under the law pursuant to the 14th Amendment to the United States Constitution, and the right to report, oppose and protest unlawful **sex and sexual orientation-based** discrimination/**harassment** without retaliation pursuant to the First Amendment of the United States Constitution. Petitioners submit the actions **and deliberate inactions** of Defendants Brister and Sherrard impaired and interfered with **his** clearly established rights as set forth herein and submits Defendants Brister and Sherrard are therefore liable **unto him** under 42 U.S.C. §1983. **Petitioners show that defendant Brister and Sherrard had direct and actual knowledge of the continuous, unabated sexual harassment of Mr. Thompson by SU Lab students. Despite defendants Brister and Sherrard's actual knowledge of the pervasive sexual harassment of Mr. Thompson,**

**individual defendants took no action to stop the sexual harassment and prevent the injuries to him and instead, retaliated against him by taking adverse action against Mr. Thompson's education because of his protected activities. Petitioners show that such deliberate failure to stop the sexual harassment by the individual defendants constitute an unconstitutional policy, practice, and custom of failing to take action to prevent known sexual harassment of an SU Lab student, for which defendant Brister and Sherrard are liable pursuant to 42 U.S.C. §1983. Mr. Thompson** also shows that the actions of Defendants Brister and Sherrard were in knowing and reckless disregard for his clearly established rights and are thus liable unto **him** for punitive damages in accordance with **42 U.S.C. §1988**.

14.

**Mr. Thompson** shows that Defendant Sherrard's actions in disclosing his identity to the students who had engaged in sexual harassment violated **Mr. Thompson's** clearly established rights to privacy and confidentiality under Louisiana law and for which **he** specifically sues for under **Louisiana** law herein.

15.

**Mr. Thompson** contends that defendants violated Title IX, **20 USC §1681,** *et seq.***,** which protects all students, including lesbian, gay, bisexual, and transgender (LGBT) students, from sex discrimination/harassment and retaliation for which **he** sues for herein.

16.

As a result of the situation sued upon herein, **Jill Henderson, Mr. Thompson's biological mother,** sustained damages including for loss of consortium, services, and society with her son, **Mr. Thompson**, and for which she specifically sues for herein. **Mr. Thompson** shows he sustained damages which include, but are not limited to, **personal and/or bodily injury,**

10

embarrassment, humiliation, severe mental anguish and emotional distress, loss of educational opportunities, and all such other damages as will be more fully shown at trial of this matter and for which **he** sues for herein.

17.

Petitioners show all preconditions under Title IX have been satisfied, to the extent there are any.  Defendants concur Petitioner**s** satisfied the same.

18.

Petitioners contend defendants Sherrard and Brister are liable unto **Mr. Thompson** for attorney fees pursuant to 42 U.S.C. §1988.  Petitioner**s also contend defendant SU Lab is liable unto Mr. Thompson for attorney fees** pursuant to **Title IX, 20 USC §1681,** *et seq.*

**18a.**

**Petitioners seeks and are entitled to all such other relief afforded to then at law or in equity, including an award of all litigation expenses and all costs of these proceedings.**

19.

Petitioner**s** are entitled to and desire **a** trial by jury.

WHEREFORE, Petitioners, **Jill Henderson and Justin Thompson**, pray for trial by jury, and after due proceedings are had there be judgment in her favor and against Defendants, Board of Supervisors of Southern University and A&M College, by and through Southern University Laboratory School, Herman Brister, Jr., individually and in his official capacity as director of the Southern University Laboratory School, Renita Sherrard, individually and in her official capacity as Assistant Principal of the Southern University Laboratory School, for all sums as are reasonable under the premises, punitive damages as to the individual defendants and as allowed by law,

attorney fees, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioners **are** entitled at law or in equity.

                                                  Respectfully submitted,

                                                  By: ___/s Jill L. Craft _____
                                                  Jill L. Craft, T.A., #20922
                                                  W. Brett Conrad, Jr., #37639
                                                  Jill L. Craft, Attorney at Law, LLC
                                                  329 St. Ferdinand Street
                                                  Baton Rouge, Louisiana 70802
                                                  Phone: (225) 663-2612
                                                  Fax: (225) 663-2613
                                                  Email: jcraft@craftlaw.net
                                                             bconrad@craftlaw.net