UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JILL HENDERSON, ET AL.                              CIVIL ACTION

VERSUS                                              NO. 21-297-JWD-RLB

BOARD OF SUPERVISORS OF
SOUTHERN UNIVERSITY AND
A & M COLLEGE, ET AL.

## ORDER

Before the Court is Defendants' Motion to Continue Scheduling Conference ("Motion to Stay Discovery"). (R. Doc. 22). The motion is opposed. (R. Doc. 26). Defendants filed a Reply. (R. Doc. 37).

Also before the Court is Plaintiffs' Unopposed Motion for Leave to file Sur-Reply. (R. Doc. 35).

## I.    Background

This action arises from the alleged sexual harassment of Jill Henderson's then-minor son Justin Thompson (collectively, "Plaintiffs")[1] while he was a high school student at the Southern University Laboratory School. Ms. Henderson, on behalf of herself and her son, initiated this action in state court naming as defendants the Board of Supervisors of Southern University and A&M College ("Southern"), Herman Brister, Jr., individually and in his official capacity as director of the Southern Laboratory School ("Brister"), and Renita Sherrard, individually and in her official capacity as assistant principal of the Southern Laboratory School ("Sherrard") (collectively, "Defendants"). The Petition asserted claims under Title IX, 20 U.S.C. § 1681 *et*

---

[1] Justin Thompson was identified as the minor J.T. in the original Petition. He joined as a named plaintiff in the Supplemental, Amending, and Restated Complaint. (R. Doc. 16).

*seq*. ("Title IX"); 42 U.S.C. § 1983 against Brister and Sherrard, and violations of Louisiana law against Sherrard. Defendants removed the action. (R. Doc. 1).

On June 16, 2021, Defendants filed a motion to dismiss in which Brister and Sherrard raised the defense of qualified immunity with respect to the Section 1983 claims brought against them in their individual capacities. (R. Doc. 5). Defendants then sought a stay of discovery in light of the qualified immunity defense. (R. Doc. 11). After Plaintiffs failed to file a timely opposition, the Court granted the motion and stayed discovery. (R. Doc. 12).

On March 23, 2022, the district judge granted Defendants' motion to dismiss, dismissed all claims without prejudice, and provided Plaintiffs an opportunity to amend the Complaint. (R. Doc. 13). Plaintiffs then filed a Supplemental, Amending, and Restated Complaint. (R. Doc. 16, "Amended Complaint"). The Amended Complaint alleges that Brister and Sherrard violated Section 1983 by violating Mr. Thompson's (1) right to equal protection under the law pursuant to the Fourteenth Amendment and (2) "right to report, oppose and protest unlawful sex and sexual-orientation-based discrimination/harassment without retaliation pursuant to the First Amendment." (Amended Petition ¶ 13). The Amended Complaint further alleges that Sherrard violated Thompson's rights to "privacy and confidentiality under Louisiana law" by disclosing his identity to the students who allegedly engaged in sexual harassment. (Amended Petition ¶ 14). Finally, the Amended Complaint alleges that all three defendants "violated Title IX . . . which protects all students . . . from sex discrimination/harassment and retaliation." (Amended Petition ¶ 15).

After the filing of the Amended Complaint, the Court issued a Scheduling Conference Order setting a scheduling conference on July 16, 2022. (R. Doc. 19).

On May 13, 2022, Defendants filed a motion to dismiss the claims in the Amended Complaint. (R. Doc. 20). Brister and Sherrard again raised the defense of qualified immunity with respect to the Section 1983 claims brought against them in their individual capacities. (R. Doc. 20 at 2). This motion remains pending before the district judge.

On May 27, 2022, Defendants filed the instant Motion to Stay Discovery. (R. Doc. 22). In addition to a continuation of the Court's scheduling conference, this motion effectively seeks a stay of all discovery until the resolution of the pending motion to dismiss in light of the defense of qualified immunity raised by Brister and Sherrard. (R. Doc. 22). Given the relief sought, the Court cancelled the scheduling conference set for June 16, 2022, and allowed Plaintiffs the opportunity to file an opposition to the pending motion to specifically address whether discovery can move forward prior to resolution of the pending Rule 12 motion asserting qualified immunity. (R. Doc. 24).

In opposing the motion, Plaintiffs argue, among other things, that any stay of discovery should be limited only to Brister and Sherrard with respect to the Section 1983 claims brought against them, and that discovery should proceed on Plaintiffs' claims against Southern and the state law claims against Sherrard. (R. Doc. 26).

In reply, Defendants argue that the recent Fifth Circuit decision *Carswell v. Camp*, -- F.4th --, 2022 WL 2186363 (5th Cir. 2022) requires a stay of discovery in its entirety. (R. Doc. 34).

In the proposed surreply, Plaintiffs argue that the *Carswell* decision does not require a stay of discovery with respect to the co-defendant Southern, which has not raised the defense of qualified immunity. (R. Doc. 35-2).

In their briefing, the parties also raise various arguments with respect to the applicable pleading standards where the defense of qualified immunity is raised. (R. Doc. 22-1 at 4; R. Doc. 26 at 2-3; R. Doc. 34 at 3-4; R. Doc. 35-2 at 3-4). The Court need not reach this issue in the context of determining whether, and to what extent, a stay of discovery is applicable in this action pending resolution of the motion to dismiss.

## II.    Law and Analysis

### A.    Legal Standards

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their

conduct violates clearly established statutory or constitutional rights of which a reasonable

person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense

of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional
> claims against an officer must survive the motion to dismiss (and the qualified
> immunity defense) *without any* discovery. Our prior decisions to the contrary are
> overruled.

*Carswell v. Camp*, -- F.4th --, 2022 WL 2186363, at *3 (5th Cir. 2022) (expressly overruling

*Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) and its progeny). In *Carswell*, the

Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a

motion to dismiss on qualified immunity grounds and subjecting the public official defendants to

discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased

litigation costs and complications caused by bifurcated discovery. *Carswell*, 2022 WL 2186363,

at *4-5. The Fifth Circuit expressly held that the required stay of discovery is not limited to

claims to which the defense of qualified immunity is raised. *Id*.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the

burdens of litigation imposed on public officials. It also noted that these same burdens would be

present if the Court allowed discovery to proceed against defendants in different capacities or

against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be
> deferred while pretrial proceedings continue for other defendants. It is quite likely
> that, when discovery as to the other parties proceeds, it would prove necessary for
> petitioners and their counsel to participate in the process to ensure the case does
> not develop in a misleading or slanted way that causes prejudice to their position.
> Even if petitioners are not yet themselves subject to discovery orders, then, they
> would not be free from the burdens of discovery.

*Carswell*, 2022 WL 2186363, at *4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 2022 WL 2186363, at *4 (quoting *Iqbal*, 556 U.S. at 686).

**B.      Analysis**

Having reviewed the Amended Complaint, the pending motion to dismiss, and the arguments of the parties, the Court finds it appropriate to maintain its stay of discovery until resolution of the pending motion to dismiss.

To be clear, the *Carswell* decision forecloses any discovery involving Brister and Sherrard while their qualified immunity defenses remain pending, including any discovery pertaining to the alleged state law claims against Sherrard. Accordingly, the Court must stay all discovery with respect to the defendants who have raised the defense of qualified immunity, even discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to the defendants. *Carswell*, 2022 WL 2186363, at *3-5.

The issue remains, however, whether any discovery can proceed against Southern, which has not raised a defense of qualified immunity. In deciding this issue, the Court need not determine whether the *Carswell* decision forecloses all discovery pertaining to co-defendants who have not raised the defense of qualified immunity. It is sufficient to observe that in this case, Plaintiffs have brought identical Title IX claims against all three defendants. Even if Plaintiff had not brought these Title IX claims against the individual defendants, those defendants would be subject to discovery on factual issues pertaining to the Title IX claim, including whether Southern had actual knowledge of the harassment.

6

The Court finds no plausible manner in which bifurcated discovery could proceed with respect to Southern without implicating, and unduly burdening, the individual defendants who have raised the defense of qualified immunity. Considering the underlying factual allegations in the Amended Complaint, allowing discovery to proceed solely against Southern would inappropriately require Brister and Sherrard, and their counsel, "to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Iqbal*, 556 U.S. at 68-65. Allowing discovery to proceed against Southern would inappropriately subject Brister and Sherrard to the burdens of discovery. *See id*.; *see also Alexander v. Hall*, No. 20-21, 2022 WL 879496, at *2 (N.D. Miss. Mar. 23, 2022) ([T]his Court has previously found it proper to stay all discovery . . ., even when an immunity motion is asserted on behalf of fewer than all defendants in a multi-defendant case."); *but see Davis v. City of Fort Worth*, No. 14-491, 2014 WL 12940677, at *1 (N.D. Tex. July 31, 2014) (*Iqbal* did not place "a categorical ban on discovery as to all defendants when less than all of them assert the defense of qualified immunity.").

In summary, the Court must stay all discovery directed at Brister and Sherrard until the resolution of their asserted qualify immunity defenses based on the pleadings. *Carswell*, 2022 WL 2186363, at *3. The Court also finds good cause under Rule 26(c) to stay all discovery in this action to avoid subjecting Brister and Sherrard to undue burden while their qualified immunity defenses remain to be resolved.

## III.    Conclusion

**IT IS ORDERED** that Plaintiffs' Unopposed Motion for Leave to file Sur-Reply (R. Doc. 35 is **GRANTED**, and Plaintiffs' Sur-Reply (R. Doc. 35-2) shall be entered into the record.

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 22) is

**GRANTED**, and discovery is **STAYED** until further order of the Court. The parties shall

contact the undersigned after the resolution of the motion to dismiss addressing the issue of

qualified immunity for the issuance of a new scheduling conference order.

Signed in Baton Rouge, Louisiana, on July 8, 2022.


RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE