UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JILL HENDERSON, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, J.T.** | **CIVIL ACTION NO: 3:21-CV-00297** |
| | **JUDGE: JOHN W. DeGRAVELLES** |
| **VERSUS** | **MAGISTRATE JUDGE: RICHARD L. BOURGEOIS, JR.** |
| **BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY AND A&M COLLEGE, ET AL.** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

MAY IT PLEASE THE COURT:

**I.  FACTS**

Jury trial on the merits is set to begin on August 19, 2024. Plaintiff seeks to exclude the introduction of and/or all testimony related to the following defense exhibits, as identified in the Joint Pretrial Order: Exhibit 6, "Hallway Video: Thompson & Asberry (Southern000361)"; Exhibit 11: "Recording of Thompson's disciplinary hearing (Southern000362)"; Exhibit 16: "Henderson email to Brister re: text thread re: graduation (Southern000573-74"); Exhibit 24: "Thompson reflection essay from Tulane (Tulane150-53)"; Exhibit 25: "Tulane incident description: Thompson throwing another student's clothes away (Tulane243-44)"; and Exhibit 26: "Tulane incident description: Thompson kicked out of his house by his mother (Tulane230-231), for the reasons more fully set forth herein.[1]

---

[1] Pursuant to plaintiffs' Local Rule 7(h) conference, undersigned identified that it intended to file a limine motion seeking to exclude Exhibits 7, 8, 9, 12, and 23 on defendants' Exhibit List identified on the Joint Pretrial Order. On July 10, 2024, defense counsel emailed plaintiff's counsel advising defendants were removing Exhibits 7, 8, 9, 12, and 23 from their exhibit list. Accordingly, plaintiffs reserve their rights to seek limine relief should defendants later attempt to introduce or have any witness testify about defendants' Exhibits 7, 8, 9, 12, and 23.

1

Plaintiff also seeks to preclude and/or limit any testimony and evidence relating to the incident on October 6, 2020, as it is not relevant, confuses the issues, will mislead the jury, and is unduly prejudicial under the Fed.R.Evid. Rules 401/403 balancing test.

## II.   LAW AND ARGUMENT

### 1. Exhibit 6, Hallway Video: Thompson & Asberry (Southern000361)[2]

Defendant identified on the Joint Pretrial Order as Exhibit 6, Hallway Video: Thompson & Asberry (Southern000361). This purports to be a video of an alleged incident between Mr. Thompson and SU Lab employee Coach Asberry on October 8, 2020. In Paragraphs 8-11 of the Supplemental, Amending, and Restated Complaint, Mr. Thompson alleged he was retaliated against for engaging in protected activity under Title IX by being expelled. Defendant SU Lab filed a Motion for Summary Judgment contending that Mr. Thompson was not expelled and that it had to a legitimate, non-retaliatory reason for action being taken against him as a result of the alleged October 8, 2020, incident. Defendant SU Lab attached the video as an exhibit in support of the Motion for Summary Judgment contending it proved that it had a legitimate, non-retaliatory basis to take action against Mr. Thompson due to his actions depicted on the video.[3] On June 26, 2024, this Court granted summary judgment as to Mr. Thompson's Title IX retaliation claim as it relates to him being expelled. Plaintiff's remaining claims are: (1) Title IX retaliation for defendant Sherrard disclosing his identity as the complainant of sexual harassment, (2) Title IX retaliation for Brister falsely accusing him of instigating the sexual harassment, and (4) invasion of privacy against defendant Sherrard for disclosing his identity as the complainant of sexual harassment. Plaintiff submits the Court's Ruling renders this video and any testimony related thereto no longer relevant under Fed.R.Evid. Rules 401/403.

---

[2] Exhibit 1, Hallway Video: Thompson & Asberry (Southern000361).
[3] See (Rec. Doc. 62-12, Exhibit 10).

According to Fed.R.Evid. Rule 401, evidence is "relevant" only if it "has a tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action".[4]  Both prongs are absent here.  Plaintiff submits this video is not relevant to his remaining claims against defendants SU Lab and Sherrard.  The video allegedly depicts Justin's interactions with SU Lab personnel, namely Mr. Brown and Coach Asberry, on October 6, 2020.  This occurred after Mr. Thompson reported sexual harassment, Brister falsely accused him of instigating the sexual harassment, and Sherrard disclosed his identity as the complainant to third parties.  This video does not make it more or less probable that Mr. Thompon can prove the essential elements of his claims, namely that he engaged in protected activity, defendant SU Lab took action against him because of his protected activity, the action is causally connected to his protected activity, and Sherrard disclosed his identity as the complainant of sexual harassment.[5]

### 2. Exhibit 11: Recording of Thompson's disciplinary hearing (Southern000362)[6]

Defendant identified on the Joint Pretrial Order as Exhibit 11, Recording of Thompson's disciplinary hearing (Southern000362).  This purports to be a recording of the disciplinary hearing associated with Mr. Thompson's actions on October 8, 2020.  The recording contains statements and evidence associated with the October 8, 2020, incident, including Sherrard reading from pre-typed statements from unknown authors which are hearsay under Fed.R.Evid. Rule 801, *et seq.*

---

[4] Even if evidence and testimony related to Exhibit 6, Hallway Video: Thompson & Asberry (Southern000361) is relevant, which it is not, it still should be excluded.  According to Fed.R.Evid. Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence".  Introduction of the video and any evidence related to the alleged incident it depicts will confuse the jury and be a waste of time for the same reasons set forth herein.

[5] Solely in the alternative and should this Court determine the video and testimony related thereto is admissible, plaintiff should have an opportunity to present evidence as to Justin's frame of mind and intent at the time and the circumstances surrounding his actions depicted on the video.

[6] Exhibit 2, Recording of Thompson's disciplinary hearing (Southern000362).

3

For the same reasons Exhibit 6 and any testimony related thereto should be excluded, the recording of Mr. Thompson's disciplinary hearing should be excluded as well. In addition, admission of the recording of the disciplinary hearing and any testimony related thereto lacks any probative value because it contains statements about whether Mr. Thompson should be and is expelled – a claim which has been dismissed. See Fed.R.Evid. Rule 401. This recording and any testimony related thereto is prejudicial to the plaintiffs, a waste of time, and will confuse the issues because whether Mr. Thompson engaged in conduct warranting expulsion or any less penalty is no longer at issue in this case. See Fed.R.Evid. Rule 403.[7]

### 3. Exhibit 16: Henderson email to Brister re: text thread re: graduation (Southern000327-332)[8]

Defendant identified on the Joint Pretrial Order as Exhibit 16, Henderson email to Brister re: text thread: re: graduation (Southern000327-332). This document purports to be an email chain between Ms. Henderson and SU Lab Principal Brister. The document purports to reflect that Mr. Brister emailed Ms. Henderson on May 17, 2021, regarding ordering a gap and gown, attendance of family members at graduation, and alleged votes by Justin's classmates. The email reflects Ms. Henderson responded the same day, stating she was going to speak to Justin about graduation once she receives the information mentioned by Mr. Brister in his email. While this email may have been relevant as it relates to whether Justin was expelled or not, this claim is now dismissed. This email about Justin's graduation lacks any probative value under Fed.R.Evid. Rule 401 as to Justin's remaining claims that defendant SU retaliated against him by Sherrard disclosing his identity as the sexual harassment complainant and Brister falsely accusing him of instigating harassment. It

---

[7] Solely in the alternative and should this Court determine the audio recording and testimony related thereto is admissible, plaintiff should have an opportunity to present evidence as to Justin's frame of mind and intent at the time the incident occurred which is the basis for the discipline hearing, and the circumstances surrounding his actions.
[8] Exhibit 3, Henderson email to Brister re: text thread re: graduation (Southern000327-332).

also has nothing to with whether Ms. Henderosn suffered loss of society with her son as a result of Sherrard's invasion of Justin's privacy in tort law. It is prejudicial to plaintiffs, a waste of time, and will confuse the issues for the same reasons under Fed.R.Evid. Rule 403.

### 4. Exhibit 24: Thompson reflection essay from Tulane (Tulane150-153)[9]

Defendant identified on the Pretrial Order as Exhibit 24, Thompson reflection essay from Tulane (Tulane150-153). During his deposition, Justin was asked questions about a statement he wrote in November, 2022, while attending Tulane University– almost three (3) years after the incidents sued upon herein.[10] Justin testified he was asked to write the statement by Tulane University as it relates to comments he made about another student attending Tulane University whom had made offensive comments to him in the past. Notably, this student at Tulane University was not involved in any way with the issues at SU Lab relevant to this proceeding. Justin testified the purpose of the statement was to express empathy for a comment he made to the student in response to harassing statements she previously made about him. This has nothing to do with Justin's remaining claims against the defendants or his damages. Therefore, this document and any testimony related to the issues with the Tulane University student is not relevant under Fed.R.Evid. Rule 401 and should not be admissible. Under Fed.R.Evid. Rule 403, it is prejudicial, will confuse the jury, and is a waste of time because Justin does not attribute his issues with this Tulane University student to be related to his claims for damages from defendant SU Lab's retaliation or defendant Sherrard's invasion of his privacy.

---

[9] Exhibit 5, Thompson reflection essay from Tulane (Tulane150-153)
[10] Deposition of Justin Thompson, pp. 212-225, Exhibit "4".

5. **Exhibit 25: Tulane incident description: Thompson throwing another student's clothes away (Tulane243-44); Exhibit 26: Tulane incident description: Thompson kicked out of his house by his mother (Tulane230-231)[11]**

Defendant identified on the Pretrial Order as Exhibit 25: Tulane incident description: Thompson throwing another student's clothes away (Tulane243-44) and as Exhibit 26: Tulane incident description: Thompson kicked out of his house by his mother (Tulane230-231). Entitled "Tulane University, Campus Reporting Form", Exhibit 25 purports to be a summary under Fed.R.Evid. Rule 1006 of typed information summarizing incidents occurring at or around Tulane University in 2023. This document and any testimony related thereto should be excluded because it contains hearsay under Fed.R.Evid. Rule 801, namely containing statements from third parties whose identity and identifiable information is redacted (hearsay within hearsay) – especially if offered to prove the truth of the matter asserted.[12] This includes statements from the Tulane University Student whose identity is completely redacted. Its reference to observations through a camera by someone other than the purported author is also hearsay. It remains unknown who actually created the document, input the information into this summary, and the source of the information. Therefore, it cannot be authenticated. To the extent it is a document created by Tulane University, there is no witness listed on the Pretrial Order that can authenticate this document. Its trustworthiness is seriously in question. Further, the document's reference that a summons was issued is irrelevant and prejudicial to Justin – it has no probative value to this case. Any such character evidence is inadmissible under Fed.R.Evid. Rule 404 and has nothing to do with his motive, intent, opportunity, preparation, knowledge, or plan as it relates to whether

---

[11] Exhibit 6, Tulane incident description: Thompson throwing another student's clothes away (Tulane243-244); Exhibit 7, Tulane incident description: Thompson kicked out of his house by his mother.
[12] *See Sanders v. Sky Transport, LLC*, 569 F.Supp. 455, 458 (S.D. Tx. 1/1/21).

defendant SU retaliated against him and defendant Sherrard disclosed his identity years earlier, and whether he suffered damages as a result.

As for Exhibit 26, entitled "CMVSS: Case Management", this document purports to be a summary under Fed.R.Evid. Rule 1006 of typed information summarizing statements from Justin while at Tulane University in 2024. This document and any testimony related thereto should be excluded because it contains hearsay under Fed.R.Evid. Rule 801, namely containing statements from third parties. This document is not subject to a hearsay exception under Fed.R.Evid. Rule 803(8) because it is not a police report and, therefore, not a public record. Like Exhibit 25, it remains unknown who actually created Exhibit 26, input the information into this summary, and the source of the information. To the extent it is a document created by Tulane University, there is no witness listed on the Pretrial Order that can authenticate this document.

In addition, both Exhibits 25 and 26 lack probative value in this case under Fed.R.Evid. Rule 401. It is irrelevant as to the claims and defenses in this case whether there was an incident involving another student at Tulane University years after Justin left SU Lab. Justin does not attribute his damages to his interactions with this other student at Tulane University. Similarly, Justin's living situation while attending Tulane University in 2024, is not relevant to the claims and defenses in this case. All of these documents lack probative value, will confuse the jury as to the actual issues in this case. Even if Justin's alleged statements contained in the documents are admissible, piecemealing this document into evidence and to the jury is prejudicial to his case against the present defendants. The documents as a whole and any testimony related to the incidents set forth therein should be inadmissible.

**6. Any testimony or evidence related to the incident on October 6, 2020**

While defendants identified, pursuant to plaintiff's Local Rule 7(h) conference, that they were removing Exhibit 8, "Student written statements about Thompson altercation with Tony Brown (Southern000829-30; 000836-37; 000841-42; 000845-46)", out of an abundance of caution, plaintiff seeks to preclude any testimony and evidence related to the October 6, 2020, incident – especially as defendants still intend to use the video of part of the incident and audio from the disciplinary hearing. As this Court dismissed Justin's Title IX retaliation claim as it relates to his "expulsion", any testimony or evidence related to the incident on October 6, 2020, should not be admissible. Justin's interactions with Mr. Brown and Coach Asberry on October 6, 2020, and SU Lab's response, is no longer relevant.

**7. Defense Witnesses A.B.; M.C.; D.D.; K.D.; T.F.; R.L.; D.P.; B.S.; D.S.; and D.W.**

In the Joint Pretrial Order, defendant identified witnesses number 9(a)-(j) as students from Justin's 2020-2021 class at SU Lab, namely A.B.; M.C. D.D.; K.D.; T.F.; R.L.; D.P.; B.S.; D.S.; D.W. Defense witnesses identified that these were "students in Mr. Tony Brown's English IV AP class who wrote eye-witness accounts of what took place in that class on October 8, 2020 may testify about what they witnessed and their written statements" (sic). Now that the Court has dismissed plaintiffs' claim as it relates to the "expulsion" and defense counsel identified it was removing defendant's Exhibit 8 (student written statements regarding this incident), out of an abundance of caution, plaintiffs submit any testimony by the witnesses identified in Number 9(a)-(j) are no longer relevant to this proceeding. As it appears that these witnesses were only listed for purposes of authenticating his/her statements and/or testifying about what they observed on October 8, 2020, their testimony is no longer probative of the remaining issues and claims in this

8

case. They should be excluded to the extent defendant still intends to call them as witnesses at trial.

### III. CONCLUSION

For the reasons set forth herein and patent in the record, plaintiff's Motion in Limine should be granted and the evidence relating thereto, excluded.

Respectfully Submitted:

By: ___/s W. Brett Conrad, Jr. _____
Jill L. Craft, T.A., La. Bar Roll No. 20922
W. Brett Conrad, Jr., La. Bar Roll No. 37639
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Phone: (225) 663-2612
Fax: (225) 663-2613
Email: jcraft@craftlaw.net
       bconrad@craftlaw.net

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2024, a copy of the above and foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to all Trial Counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 12th day of July, 2024.

_____ s/ W. Brett Conrad, Jr. _____
W. Brett Conrad, Jr.